1  KAREN P. HEWITT
   United States Attorney
2  CHRISTINA M. McCALL
   Assistant United States Attorney
3  California Bar Number 234139
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6760
   Facsimile: (619) 235-2757
6
   Attorneys for Plaintiff
7  United States of America

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,        )    Criminal Case No. 08CR0443-WQH
                                    )
12                                  )    **UNITED STATES' MOTIONS IN**
                                    )    **LIMINE TO:**
13                                  )
                  Plaintiff,        )    **(1)    ADMIT EVIDENCE UNDER**
14                                  )    **        RULE 609 TO IMPEACH**
            v.                      )    **(2)    ADMIT A-FILE DOCUMENTS**
15                                  )    **(3)    PRECLUDE DEFENDANT FROM**
                                    )    **        CHALLENGING HIS PRIOR**
16                                  )    **        ORDER OF DEPORTATION**
   ALBERTO JACOBO LARA,             )    **(4)    INTRODUCE EXPERT**
17                                  )    **        TESTIMONY**
                                    )    **(5)    PROHIBIT REFERENCE TO**
18                                  )    **        REASON WHY DEFENDANT**
                                    )    **        REENTERED U.S.**
19                Defendant.        )    **(6)    PROHIBIT REFERENCE TO**
                                    )    **        PRIOR RESIDENCY**
20                                  )    **(7)    PROHIBIT REFERENCE TO**
                                    )    **        POTENTIAL PUNISHMENT**
21 _____)    **(8)    EXCLUDE WITNESSES**
                                         **(9)    PRECLUDE DEFENSE EXPERT**
22                                       **        WITNESSES**
                                         **(10)   ADMIT EVIDENCE OF**
23                                       **        DEFENDANT'S APPREHENSION**
                                         **(11)   COMPEL RECIPROCAL**
24                                       **        DISCOVERY**

25                                       Date:        April 14, 2008
                                         Time:        9:00 a.m.
26                                       Honorable:    Barry T. Moskowitz

27         Plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States

28 Attorney, and Christina McCall, Assistant United States Attorney, hereby files its Motions in Limine.

These motions are based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

**I.**

**STATEMENT OF FACTS**

**A.     Defendant's Criminal and Immigration Record**

On August 24, 2000, Defendant was convicted of two counts of lewd and lascivious acts with a child under the age of 14, and was sentenced to three years in state prison. On September 9, 2003, Immigration Judge James ordered Defendant removed to Mexico. Initially, Defendant filed a notice of appeal with the Board of Immigration Appeals, but Defendant withdrew his appeal on December 15, 2003. Defendant was removed through the Calexico port of entry on January 9, 2004.

**B.     Apprehension**

On January 23, 20008, around 4:00 p.m., Defendant drove an 18-wheel tractor-trailer into a California Highway Patrol ("CHP") inspection site in the southbound lanes of Interstate 5 freeway near San Onofre. The inspector conducting the initial inspection noticed that Defendant's log book was not current, and that Defendant may have exceeded the maximum number of driving hours.

The inspector also noticed a juvenile passenger inside the tractor-trailer's cab, with Defendant, who appeared to be younger than 17 years old. Officer Sablan asked Defendant if Defendant had a co-driver traveling with him. Defendant said he did not have a co-driver, claiming the juvenile was his nephew, and that the juvenile was 17 years old. Defendant said that he and the juvenile began the trip in Stockton earlier in the day. When asked the juvenile's last name and the last name of the juvenile's guardian, Defendant paused, and, with an embarrassed expression of a smile, Defendant said he did not know the last name of the juvenile or his guardian.

Officers conducted a criminal warrant check on Defendant and learned that Defendant was required to register with the state of California as a sexual offender, and was probably not in compliance with the registration requirements. After confirming that Defendant had not registered as required, CHP officers placed him under arrest for violating California Penal Code § 290(g)(2). At about 5:52 p.m., Officer Sablan advised Defendant that he was under arrest for violating section 290(g)(2) and notified

1  Defendant of his <u>Miranda</u> rights.  Defendant indicated that he understood his rights, and said he did not

2  want to speak answer Officer Sablan's questions at that time.  Defendant did not say that he refused to

3  speak to any other law enforcement officer, nor did he said that he requested the presence of an attorney

4  before questioning.  No further interviews took place by CHP officers.

5       Officer Sablan phoned United States Border Patrol agents, who determined that Defendant was

6  a Mexican citizen who was removed from the United States on January 9, 2004.  Immigration and

7  Customs Enforcement ("ICE") Special Agent Pryor determined that Defendant had not received official

8  permission to return to the United States.  On January 25, 2008, Magistrate Judge Adler signed a

9  complaint and issued arrest warrant for Defendant, finding probable cause to believe that he had violated

10  8 U.S.C. § 1326.  That day, ICE agents went to the San Diego County Vista Detention Center to execute

11  the federal arrest warrant, and transported Defendant to the San Ysidro Port of Entry.

12       At the port, an ICE agent informed Defendant that he was arrested for violating 8 U.S.C. § 1326.

13  The agent advised Defendant of his <u>Miranda</u> rights in English.  Defendant indicated that he understood

14  his rights, and agreed to answer questions without a lawyer present.  The interview lasted less than

15  fifteen minutes.  Defendant admitted he was a Mexican citizen, born in Mexicali, Baja California.

16  Defendant admitted that he did not have the proper documentation to enter or remain in the United

17  States.  Defendant acknowledged that he was ordered deported by an immigration judge.  Defendant

18  admitted that he re-entered the United States through the Calexico port of entry shortly after his

19  deportation.  Defendant said he used his old Resident Alien card, which he admitted he never returned

20  after being deported.  Defendant admitted that he was fully aware that he was not entitled to possess or

21  utilize the resident alien card.  Defendant admitted that he had not applied for or received permission

22  to re-enter the United States.

23       On February 13, 2008, a federal grand jury for the Southern District of California returned a one-

24  count Indictment against Defendant, charging him with being an alien who was found in the United

25  States without the consent of the Attorney General or the Secretary of Homeland Security, after having

26  been previously excluded, deported, or removed, in violation of Title 8 U.S.C. § 1326.  The Indictment

27  further alleged that Defendant was removed from the United States subsequent to January 9, 2004, the

28  date of his prior aggravated felony convictions.

1

**II**

2

**UNITED STATES' MOTIONS IN LIMINE**

3

**A.    THE COURT SHOULD ADMIT 609 EVIDENCE**

4

5       Federal Rule of Evidence 609(a)(1) provides that evidence that an accused has been convicted

6 of a crime "shall be admitted, subject to Rule 403, if the crime was punishable by ... imprisonment in

7 excess of one year ... and ... if the court determines that the probative value of admitting this evidence

outweighs its prejudicial effect to the accused."

8

9       Defendant was recently convicted of felony lewd or lascivious acts with a child, in violation of

10 California Penal Code § 288.  If Defendant chooses to testify, his credibility will be a central issue in

the case and Defendant's character for honesty is a factor that should be carefully weighed by the Court.

11

12 The importance of Defendant's testimony is crucial in a case such as this, where Defendant would

13 presumably be called to testify only if he intended to claim that (1) he was involuntarily brought to this

14 country, (2) he did not have a conscious desire to enter the United States, (3) he was never actually

deported, (4) he was not an illegal alien, (5) he had received the permission to re-enter the United States,

15

16 even though the Department of Homeland Security has no record of such permission being granted, or

(6) he entered this country out of extreme necessity.

17

18       Accordingly, the United States should be allowed to introduce evidence of Defendant's prior

19 felony conviction under Rule 609 if Defendant elects to testify at trial.  If the Court believes that the

20 nature of Defendant's prior convictions is overly prejudicial, the United States will comply with any

ruling imposed to sanitize the nature of the convictions.

21

22 **B.    THE COURT SHOULD ADMIT A-FILE DOCUMENTS**

23       1.    A-File Documents are Admissible as Public Records or Business Records

24       The United States intends to offer documents maintained by the former Immigration and

25 Nationalization Service and current Department of Homeland Security pertaining to Defendant.  The

26 agency maintains an "A-file" or "Alien-file" on Defendant, which contains documents reflecting most

27 of Defendant's immigration encounters.  The United States moves to introduce "A File" documents to

28 establish Defendant's alienage, prior deportation, and that he was subsequently found in the United

States without having sought or obtained authorization from the Attorney General.  The documents are self-authenticating "public records," Fed. R. Evid. 803(8)(B), or, alternatively, "business records." Fed. R. Evid. 803(6).

The Ninth Circuit has addressed the admissibility of A-File documents in <u>United States v. Loyola Dominguez</u>, 125 F.3d 1315 (9th Cir. 1997).  In <u>Loyola Dominguez</u>, the defendant appealed his § 1326 conviction, arguing, among other issues, that the district court erred in admitting at trial certain records from the illegal immigrant's "A File."  <u>Id.</u> at 1317.  The district court had admitted: (1) a warrant of deportation; (2) a prior warrant for the defendant's arrest; (3) a prior deportation order; and (4) a prior warrant of deportation.  Loyola Dominguez argued that admission of the documents violated the rule against hearsay and denied him his Sixth Amendment right to confront witnesses.  The Ninth Circuit rejected his arguments, holding that the documents were properly admitted as public records.  <u>Id.</u> at 1318.  The court first noted that documents from a defendant's immigration file, although "made by law enforcement agents, . . . reflect only 'ministerial, objective observation[s]' and do not implicate the concerns animating the law enforcement exception to the public records exception." <u>Id.</u> (quoting <u>United States v. Hernandez-Rojas</u>, 617 F.2d 533, 534-35 (9th Cir. 1980)).  The court also held that such documents are self-authenticating and, therefore, do not require an independent foundation.  <u>Id.</u>

<u>Loyola-Dominguez</u> is simply among the more recent restatements of the public-records and business-records rules.  Courts in this Circuit have consistently held that documents from a defendant's immigration file are admissible in a § 1326 prosecution to establish the defendant's alienage and prior deportation.  <u>See</u> <u>United States v. Mateo-Mendez</u>, 215 F.3d 1039, 1042-45 (9th Cir. 2000) (district court properly admitted certificate of nonexistence as absence of a public record); <u>United States v. Sotelo</u>, 109 F.3d 1446, 1449 (9th Cir. 1997) (holding warrant of deportation admissible to prove alienage); <u>United States v. Contreras</u>, 63 F.3d 852, 857 (9th Cir. 1995) (district court properly admitted warrant of deportation as public record); <u>United States v. Hernandez-Rojas</u>, 617 F.2d at 535 (district court properly admitted warrant of deportation as public record).

2.      A Certificate of Non-existence Does not Violate the Confrontation Clause

The United States moves to introduce a Certificate of Non-existence of Record ("CNR"), prepared by an authorized official at the Department of Homeland Security and certifying that there are

no records in any of the Department's databases, files, or archives that Defendant has ever applied for, or been granted, permission to reenter the United States following his deportation. The Ninth Circuit has held that a CNR is not "testimonial" within the meaning of Crawford v. Washington, 124 S. Ct. 1354 (2004) and therefore that its admission into evidence does not violate the Confrontation Clause of the United States Constitution. See United States v. Cervantes-Flores, 421 F.3d 825, 831-33 (9th Cir. 2005); Sotelo, 215 F.3d 1039, 1042-43.

## C. THE COURT SHOULD PROHIBIT DEFENDANT FROM COLLATERALLY ATTACKING HIS PRIOR DEPORTATION ORDER AT TRIAL

Defendant has not challenged the lawfulness of his prior deportation proceeding. Thus, Defendant should be barred from raising such issue at trial. The validity of a prior deportation is a matter of law and not of fact and as such it is up to the judge to make such ruling. In fact the lawfulness of the prior deportation is not an element of illegal reentry. The significant factor is that the Defendant was in fact physically removed from the United States.

Although a criminal defendant can move to challenge the lawfulness of his prior deportation, this can only happen at the motion stage, not at the trial. In United States v. Alvarado-Delgado, 98 F.3d 492 (9th Cir. 1996), the Ninth Circuit held that at trial the government does not have to prove the lawfulness of the prior deportation because lawfulness of the prior deportation is not an element of the offense. The only matter the government must prove is that the defendant was actually deported.

Based on the Alvarado-Delgado decision and others like it, any evidence of the lawfulness of the prior deportation is irrelevant since it is not an element of the offense. Because this Court has already denied Defendant's challenge to the validity of his prior deportation, Defendant should not be permitted to attempt to repeat the challenge in front of the jury.

## D. THE COURT SHOULD ADMIT EXPERT TESTIMONY

The United States moves to admit testimony of a fingerprint expert to identify Defendant as the person who was previously deported from the United States on January 9, 2004, and found in the United States on January 23, 2008. The United States provided notice of its intent to call Lisa Dimeo as an expert and provided Defendant with a summary of Ms. Dimeo's qualifications.

If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed. R. Evid. 702. Determining whether expert testimony would assist the trier-of-fact in understanding the facts at issue is within the sound discretion of the trial judge. See United States v. Alonso, 48 F.3d 1536, 1539 (9th Cir. 1995); United States v. Lennick, 18 F.3d 814, 821 (9th Cir. 1994). An expert's opinion may be based on hearsay or facts not in evidence where the facts or data relied upon are of the type reasonably relied upon by experts in the field. Fed. R. Evid. 703. In addition, an expert may provide opinion testimony even if the testimony embraces an ultimate issue to be decided by the trier-of-fact. Fed. R. Evid. 704. Here, the fingerprint expert's testimony will assist the triers-of-fact in determining whether the deportation and found-in evidence relate to the individual in the courtroom. Defendant has been provided notice of the United States' expert, his report of conclusions, and a copy of his curriculum vitae.

Because the evidence goes to the essential question of identity, this expert testimony should be admitted.

## E.    THE COURT SHOULD PROHIBIT REFERENCE TO WHY THE DEFENDANT REENTERED THE UNITED STATES

Defendant may attempt to offer evidence of the reason for his reentry, or alternatively, his belief that he was entitled to do so. Defendant may also attempt to offer evidence of the reason for his being in the United States, or alternatively, his belief that he was entitled to be here. The Court should preclude him from doing so. Evidence of why Defendant violated Section 1326 is patently irrelevant to the question of whether he did so -- the only material issue in this case. Rule 401 defines "relevant evidence" as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. Rule 402 states that evidence "which is not relevant is not admissible." Fed. R. Evid. 402. Here, the reason why Defendant reentered the United States, and his belief that he was justified in doing so, is irrelevant to whether he violated Section 1326. Likewise, the reason why Defendant was in the United States, and his belief that he was justified in being here, is irrelevant.

1    The case of United States v. Komisaruk, 885 F.2d 490 (9th Cir. 1980), is illustrative. Komisaruk

2    was convicted of willfully damaging government property by vandalizing an Air Force computer.  Id.

3    at 491.  On appeal, she argued that the district court erred in granting the government's motions *in limine*

4    to preclude her from introducing her "political, religious, or moral beliefs" at trial.  Id. at 492.  In

5    particular, she argued that she was entitled to introduce evidence of her anti-nuclear war views, her belief

6    that the Air Force computer was illegal under international law, and that she was otherwise morally and

7    legally justified in her actions.  Id. at 492-93.  The district court held that her "personal disagreement

8    with national defense policies could not be used to establish a legal justification for violating federal law

9    nor as a negative defense to the government's proof of the elements of the charged crime," id. at 492,

10   and the Ninth Circuit affirmed.  Similarly here, the reason why Defendant reentered the United States

11   and his belief that he was entitled to do so, and the reason why he was in the United States and his belief

12   that he was entitled to be here, are irrelevant to any fact at issue in this case.

**F.**     **THE COURT SHOULD PROHIBIT REFERENCE TO PRIOR RESIDENCY**

14   The Court should preclude Defendant from introducing evidence at trial of any former residence

15   in the United States, legal or illegal.  Such evidence is not only prejudicial, but irrelevant and contrary

16   to Congressional intent.

17   In United States v. Ibarra, 3 F.3d 1333, 1334 (9th Cir. 1993) overruled on other grounds by

18   United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996), the district court granted the

19   United States' motion *in limine* to preclude Ibarra from introducing "evidence of his prior legal status

20   in the United States, and the citizenship of his wife, mother and children" in a Section 1326 prosecution.

21   The Ninth Circuit affirmed, reasoning that, because Ibarra had failed to demonstrate how the evidence

22   could possibly affect the issue of his alienage, the district court properly excluded it as irrelevant.  Id.

23   Similarly, in United States v. Serna-Vargas, 917 F. Supp. 711 (C.D. Cal. 1996), the defendant

24   filed a motion in limine to introduce evidence of what she termed "de facto" citizenship as an affirmative

25   defense in a Section 1326 prosecution.  Id. at 711.  Specifically, she sought to introduce evidence of the

26   involuntariness of her initial residence; her continuous residency since childhood; her fluency in the

27   English language; and the legal residence of immediate family members. Id. at 712.  The court denied

28   the motion, noting that "none of these elements are relevant to the elements that are required for

1  conviction under § 1326." Id.  The court also noted that admission of the evidence would run "contrary

2  to the intent of Congress," because "the factors that [the defendant] now seeks to present to the jury are

3  ones that she could have presented the first time she was deported." Id.  Therefore, the court held,

4  "[a]llowing her to present the defense now would run contrary to Congress' intent." Id.  In particular,

5  "under the scheme envisioned by Congress, an alien facing deportation may present evidence of positive

6  equities only to administrative and Article III judges, and not to juries." Id. (emphasis added).

7  Accordingly, evidence to residency, U.S. citizen children and spouses, U.S. employment, and

8  difficulty of surviving in Mexico should be precluded.

9  **G.  MOTION TO EXCLUDE EVIDENCE AND ARGUMENT REFERRING TO DEFENDANT'S AGE, FINANCES, EDUCATION AND POTENTIAL PUNISHMENT**

10  "Evidence which is not relevant is not admissible," (Fed. R. Evid. 402), and the jury should "not

11  be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy." Ninth Cir. Model

12  Jury Instructions, § 3.1 (2003). Here, it is anticipated that Defendant may attempt to introduce evidence

13  about his family circumstances or medical condition.  This information is irrelevant to this case and

14  should be excluded.  Such evidence is not only irrelevant and unfairly prejudicial, but a blatant play for

15  sympathy and jury nullification as well.

16
17  Defense counsel may wish to mention Defendant's potential penalties to the jury.  Information

18  about penalty and punishment draws the attention of the jury away from their chief function as the sole

19  judges of the facts, opens the door to compromise verdicts, and confuses the issues to be decided.  See

20  United States v. Olano, 62 F.3d 1180, 1202 (9th Cir. 1995); United States v. Frank, 956 F.2d 872, 879

21  (9th Cir. 1991).  In federal court, the jury is not permitted to consider punishment in deciding whether

22  the United States has proved its case against the defendant beyond a reasonable doubt.  9th Cir. Crim.

23  Jury Instr. §7.4 (2003).  Any such argument or reference would be an improper attempt to have the jury

24  unduly influenced by sympathy for the defendant and prejudice against the United States.

25  The United States respectfully requests this Court to preclude any mention of possible penalty

26  and/or felony designation at any point during the trial.

27
28

1

**H.    THE COURT SHOULD EXCLUDE WITNESSES DURING TRIAL WITH THE EXCEPTION OF THE GOVERNMENT'S CASE AGENT**

2

3

Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to be

4

essential to the presentation of the party's cause" should not be ordered excluded from the court during

5

trial. The case agent in the present matter has been critical in moving the investigation forward to this

6

point and is considered by the United States to be an integral part of the trial team. The United States

7

requests that Defendant's testifying witnesses be excluded during trial pursuant to Rule 615.

8

**I.    THE COURT SHOULD PRECLUDE ANY EXPERT TESTIMONY BY DEFENSE WITNESSES**

9

The United States has requested reciprocal discovery. The United States is permitted to inspect

10

and copy or photograph any results or reports of physical or mental examinations and of scientific tests

11

or experiments made in connection with the particular case, or copies thereof, within the possession or

12

control of Defendant, which Defendant intends to introduce as evidence in his case-in-chief at trial or

13

which were prepared by a witness whom Defendant intends to call at trial. Moreover, Defendant must

14

disclose written summaries of testimony that Defendant intends to use under Rules 702, 703, or 705 of

15

the Federal Rules of Evidence as evidence at trial. The summaries are to describe the witnesses'

16

opinions, the bases and reasons for those opinions, and the witnesses' qualifications. Defendant has

17

provided neither notice of any expert witness, nor any reports by expert witnesses. Accordingly,

18

Defendant should not be permitted to introduce any expert testimony.

19

If the Court determines that Defendant may introduce expert testimony, the United States

20

requests a hearing to determine this expert's qualifications and relevance of the expert's testimony

21

pursuant to Federal Rule of Evidence 702 and Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999).

22

See United States v. Rincon, 11 F.3d 922 (9th Cir. 1993) (affirming the district court's decision to not

23

admit the defendant's proffered expert testimony because there had been no showing that the proposed

24

testimony related to an area that was recognized as a science or that the proposed testimony would assist

25

the jury in understanding the case); see also  United States v. Hankey, 203 F.3d 1160, 1167 (9th Cir.),

26

cert. denied, 530 U.S. 1268 (2000).

27

28

**J.    THE COURT SHOULD PRECLUDE EVIDENCE OF DURESS AND NECESSITY**

A district court may preclude a necessity defense where "the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense." United States v. Schoon, 971 F.2d 193, 195 (9th Cir. 1992)(Internal quotation omitted.)

In order to rely on a defense of duress, Defendant must establish a prima facie case that:

(1)    Defendant committed the crime charged because of an immediate threat of death or serious bodily harm;

(2)    Defendant had a well-grounded fear that the threat would be carried out; and

(3)    There was no reasonable opportunity to escape the threatened harm.

United States v. Bailey, 444 U.S. 394, 410-11 (1980); Moreno, 102 F.3d 994, 997.  If Defendant fails to make a threshold showing as to each and every element of the defense, defense counsel should not burden the jury with comments relating to such a defense.  See, e.g., Bailey, 444 U.S. 394, 416.

A defendant must establish the existence of four elements to be entitled to a necessity defense:

(1)    that he was faced with a choice of evils and chose the lesser evil;

(2)    that he acted to prevent imminent harm;

(3)    that he reasonably anticipated a causal relationship between his conduct and the harm to be avoided; and

(4)    that there was no other legal alternatives to violating the law.

See Schoon, 971 F.2d 193, 195; United States v. Dorrell, 758 F.2d 427, 430-31 (9th Cir. 1985).  A court may preclude invocation of the defense if "proof is deficient with regard to any of the four elements." See Schoon, 971 F.2d at 195 (Internal quotations omitted.)

The United States hereby moves for an evidentiary ruling precluding defense counsel from making any comments during the opening statement or the case-in-chief that relate to any purported defense of "duress" or "coercion" or "necessity" unless Defendant makes a prima facie showing satisfying each and every element of the defense.  The United States respectfully requests that the Court rule on this issue prior to opening statements to avoid the prejudice, confusion, and an invitation for jury nullification that would result from such comments.

**K.    THE COURT SHOULD ADMIT EVIDENCE OF DEFENDANT'S APPREHENSION**

Defendant was apprehended at a California Highway Patrol checkpoint as the driver of a big rig truck leased to him. Defendant was placed under arrest for failing to register as a sexual offender. Two days later, federal agents executed an arrest warrant and took Defendant into federal custody, interviewing him about the details of his immigration offense. The United States must establish that Defendant was found in the United States after knowingly and intentionally entering the United States, and was free of official restraint. Facts indicating that Defendant was driving the truck southbound, with only a juvenile passenger present, support the elements of knowing and voluntary entry, free of official restraint. Suppressing evidence about Defendant's encounters at the CHP checkpoint would confuse the jury and not allow the government to prove essential elements of the offense.

**L.    UNITED STATES' RENEWED MOTION FOR RECIPROCAL DISCOVERY**

The Court granted the United States' request for reciprocal discovery. As of the date of these motions, Defendant has produced no reciprocal discovery. The United States requests that Defendant comply with Rule 16(b) of the Federal Rules of Criminal Procedure, as well as Rule 26.2 which requires the production of prior statements of <u>all</u> witnesses, except for those of Defendant. Defendant has not provided the United States with any documents or statements. Accordingly, the United States intends to object at trial and ask this Court to suppress any evidence at trial which has not been provided to the United States.

**III**

**CONCLUSION**

For the foregoing reasons, the United States respectfully asks that the Court grant its motions.

DATED: May 19, 2008

                                    Respectfully submitted,

                                    KAREN P. HEWITT
                                    United States Attorney

                                    ***/s/ Christina M. McCall***

                                    CHRISTINA M. McCALL
                                    Assistant U.S. Attorney

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,                )        Case No. 08CR0443-WQH
                         Plaintiff,      )
                                         )        **CERTIFICATE OF SERVICE**
                v.                       )
                                         )
ALBERTO JACOBO LARA,                     )
                         Defendant.      )
_____)

10      IT IS HEREBY CERTIFIED that:

11      I, CHRISTINA M. McCALL, am a citizen of the United States and am at least eighteen years

12  of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101.

13      I am not a party to the above-entitled action.  I have caused service of UNITED STATES'

14  MOTIONS IN LIMINE on the following parties by electronically filing the foregoing with the Clerk of

15  the District Court using its ECF System, which electronically notifies them.

16
        Sylvia Baiz.
17

18
        I declare under penalty of perjury that the foregoing is true and correct.
19
        Executed on May 19, 2008.
20

21                                                      /s/ Christina M. McCall

22                                                      CHRISTINA M. McCALL

23
24
25
26
27
28

                                        13                      08CR0443-WQH