1  **SYLVIA BAIZ**
California Bar No. 124367
2  The Granger Building
964 Fifth Avenue, Suite 214
3  San Diego, California  92101
Telephone:  (619) 544-1410
4  Facsimile: (619) 544-1473

5  Attorney for Defendant **Lara**

6

7                     UNITED STATES DISTRICT COURT

8                  SOUTHERN DISTRICT OF CALIFORNIA

9                     **(HON. WILLIAM Q. HAYES)**

10  **UNITED STATES OF AMERICA**,        ) Criminal No.  **08-CR-0443-WQH**
                                          )
11          Plaintiff,                    ) Date: June 2, 2008
                                          ) Time: 2:00 p.m.
12  v.                                    )
                                          ) **STATEMENT OF FACTS AND**
13  **ALBERTO JACOBO LARA,**              ) **AUTHORITIES IN SUPPORT OF**
                                          ) **DEFENDANT S MOTIONS**
14                                        )
            Defendant.                    )
15  _____)

16                                  **I.**

17                        **STATEMENT OF FACTS**

18          Mr. Lara was arrested on January 23, 2008 at the California Highway patrol (CHP)

19  San Onofre truck inspection facility. The CHP arrested Mr. Lara   ...for failure to register as a

20  sex offender.  Mr. Lara made incriminating statements, even though he had not been advised

21  and invoked his rights to remain silent pursuant to Miranda upon his arrest and detention at

22  the truck inspection facility. The border patrol was immediately notified by the CHP

23  regarding Mr. Lara s arrest and learned that he had been deported.  On that same day, Special

24  Agent Pryor of the U. S. Immigration and Customs Enforcement informed the CHP of Mr.

25  Lara s true identity and that   he was in the custody of Department of Homeland Security.

26  Special Agent Pryor informed me that due to addition information received from ___(blacked

27  out), Lara was being investigated for possible charges of human trafficking and child

28  molestation.   See exhibit A.  Agent Pryor simultaneously with Mr. Lara s arrest and

booking in the Vista Jail placed a  Hold  on Mr. Lara.  See exhibit B.

1   No charges were filed in the state courts, Mr. Lara was released to Agent Pryor on

2   January 25, 2008 and was driven to the San Ysidro port of entry.    Agents informed Mr.

3   Lara that if he agreed to answer their questions, his sentenced would be reduced because they

4   would inform the court of his cooperation with the investigation. See exhibit C, Mr. Lara s

5   declaration.  An arrest warrant was two days later on, January 25, 2008.  Mr. Lara was

6   brought to federal court on January 28, 2008 to face charges that he was found in the United

7   States in violation of 8 U.S.C. §1326(b).

**II.**

**MOTION TO DISMISS THE INDICTMENT BECAUSE THE UNDERLYING
DEPORTATION VIOLATED LARA S CONSTITUTIONAL RIGHTS**

11   Mr.Mr. LarMr. Lara has a  FiMr. Lara has a  Fifth Amendment right to collaterally attack

12   crimincriminalcriminal proceeding  because the removal order [could serve] as a predicate elemen

13   conviction.  conviction.   UnitedUnited States v. Ortega-Ascanio, 376 F.3d 879, 886 (2004) (quoting

14   v.v. Ubaldo-Figueroa, 364 F.3d, 364 F.3d 1042, 1047 (9th Cir. 2004); United States v. Mendoza-Lope

15   U.S.U.S. 828, 837-38, 95 L. Ed. 2d 772, 107 S. Ct. 2148 (1987)U.S. 828, 837-38, 95 L. Ed. 2d 772,

16   determination made in an administrative proceeding isdetermination made in an administrative proce

17   impositionimposition of a criminal sanction, there must be some meaningful review of the administra

18   proceeding.");proceeding.");  United StatesUnited States v. Pallares-Galan, 359, 359 F.3d 1088, 1095

19   thethe underlying order serves as a predicate elementthe underlying order serves as a predicate elemen

20   defendantdefendant charged with that offense may collaterally attack the removal order under the d

21   process clause.  ).

22   ToTo sustain a collateral attack under § To sustain a collateral attack under §  1326(d),To sus

23   constitutionalconstitutional limitations, demonstrate (1)constitutional limitations, demonstrate (1) t

24   remediesremedies available toremedies available to himremedies available to him to appeal his re

25   removal proceedings at which the orderremoval proceedings at which the order was issued improp

26   ofof the opportunity for judicialof the opportunity for judicial review,of the opportunity for judicia

27   fundamentally unfair. 8 U.S.C. §  1326(d).

28

1  Ubaldo-Figueroa, 364 F.3d at 1048.  Mr. Lara s case meets all three requirements.

2  **A.    TheThe Exhaustion Requirement Is Excused Because the ImmigrationThe Exhaustion R**
**InformInform Mr. Lara that He Was Eligible For ReliefInform Mr. Lara that He Was Eli**
3  **Waiver of His Right to Appeal Was Not Considered And Intelligent**

4      AsAs sAs set fortAs set forth in the following section, Mr. Lara was eligible for relief from
5  underunder INA § 245(a) as he was aunder INA § 245(a) as he was a lawfulunder INA § 245(a) as he w
6  continuescontinues to be married to continues to be married to a Ucontinues to be married to a
7  however,however, by the Immigration Judge (IJ) of the possibility of relief.however, by the Immigra
8  no relief whatsoever.

9      Mr.Mr. Lara is exempted from the exhaustion requirement in 8 U.S.C. §Mr. Lara is exempted fr
10  thethe IJ did not inform him that he wasthe IJ did not inform him that he was eligible for relief from de
11  anan alien s waiver of his right to appeal to be   considered and intelligent  when  an alien s wai
12  containscontains an icontains an inference thatcontains an inference that the petitioner is eligible fo
13  failsfails to  advise the alienfails to  advise the alien of this possibility andfails to  advise the alien of t
14  Ubaldo-Figueroa,, 364, 364 F.3d at 1049-50, quoting United StatesUnited States v. Muro-Inclan, 249 F
15  Cir.Cir. 2001), quoting United States v. Arrieta, 224 F.3d 1076, 1079 (, 224 F.3d 1076, 1079
16  requirementrequirement that an IJ must advise an alien of the right to seek relief from rerequi
17   mandatory.  mandatory.   UnitedUnited States v. Arce-Delgado, 163 F.3d 559, 563 (1998)., 163 F.3
18  notnot advise Mr. Lara of hisnot advise Mr. Lara of his right to seek any reliefnot advise Mr. Lara of h
19  from the exhaustion requirement.

20  **B.   Mr. Lara Was Denied Judicial Review of His Removal Proceeding**

21      In this case, Lara was effectively deprived of his right to judicial review.

22  [W]here a waiver of[W]here a waiver of the right to appeal[W]here a waiver of the right to appeal a
23  alienalien has been deprived ofalien has been deprived of his right toalien has been deprived of his ri
24  reviereview.review.   SSee United States v. Leon Paz, 340 F.3d 1003, 1005 (9th Cir. 2003).  E
25  deprivationdeprivation of an aliedeprivation of an alien s administdeprivation of an alien s admin
26  judicialjudicial review as well. Mendoza-Lopez, 481 U.S. at, 481 U.S. at 840, 481 U.S. at 840 ( Beca
27  toto appeal were not considered or intelligent, respondents were deprived of judicial review of

28

3

their deportation proceeding. ). Palares-Palares-Galan, 3[...] procedurally defective waiver of his right to appeal because he was not[...] relief not only excused the exhaustion requirement, but, for the same reasons, deprived him of a meaningful opportunity for judicial review.).

Here, although Mr. Lara signed a wai[...] Appeals and was subsequently removed from[...] intelligent as he had not been informed that he could apply for adjustment[...] same reasons the exhaustion requirement is excused, Mr. Lara was denied judicial review.

Section 245 is the proper statutory framework for [...] adjustment of status filed by an alien in deportation proceedings. 8 [...] 240.11(a)(1) (2001). The IJ has exclusive jurisdiction to decide the adjustment of [...] application. 8 C.F.R. § 245.2(a)(1) (2001). However, only the INS may [...] underlying I-130 visa petition. 8 C.F.R. § 204.1(e) (2001); Diemann [...] (9th Cir.1994). Under Section 245, an alien may[...] other prerequisites, an immigrant visa is immediately available. INA § 245(a); [...] 1255(a). One of the ways by which an alien may[...] is through marriage to a United States citizen. INA[...] I-130 filed by the spouse satisfies the requirement that a visa is immediately[...] Miranda, 459 U.S. 14, 15, 103 S.Ct. 281, 74 L.Ed. [...] remains valid for the legal duration of the marriage. 8 C.F.R. § 204.2(h)(1) (2004[...] C, Marriage certificate.

**C.    The Entry of the Order Removing Lara Was Fundamentally Unfair**

An underlying removal order is fundamentally unfair if (1) an alien's due process rights were violated by defects in the underlying deporta[...] prejudice as a result of the defects. Palares-Galan, 359 F.3d at 1095 (quoting U[...] Garcia-Martinez, 228 F.3d 956, 960 (9th Cir. 2001). Mr. Lara can de[...] elements.

1    **1.    Mr. Lara s Due Process Rights Were Violated**

2    ItIt is a violation ofIt is a violation of due process when an IJ erroneously advises aIt is a violatio

3    isis not eligible for any relief from deportation.  <u>United States v.United States v. Leon-Paz</u>, 340 F.3d I

4    (9th Cir. Cir. 2003) Cir. 2003 ) (where an alien was eligible for relief from deportation, and was given a

5    thethe contrary, his process rithe contrary, his due process rigthe contrary , his due process rights were r

6    1210,1210, 1214 (S.D. Cal. 2003) (same).  In this case1210, 1214 (S.D. Cal. 2003) (same).  In this c

7    eligible for relief from deportation, violating Mr. Lara s right to due process.

8    Furthermore,Furthermore, although Mr. Lara s family had obtaFurthermore, although Mr. L

9    attorneyattorney failed to file any form of relief on Mr. Lara s behalf andattorney failed to file any form

10    TheThe deportation hearing tape reveals thatThe deportation hearing tape reveals that on September 9

11    Mr.Mr. Lara s deportation as no applications for relief fMr. Lara s deportation as no applic

12    **IneffectiveIneffective assistance** of **counsel** in a **deportation** proceeding is a denial of proceeding is

13    thethe Fifth Amendmentthe Fifth Amendmentif the proceeding was so fundamentally unfair thatthe Fif

14    fromfrom reasonably presenting his case.  ÿÿHernandez Hernandez v Mukasey , --- F.3d ----, 2008 WL

15    (9th Cir. 2008) *citing* <u>Lopez v.Lopez v. INS</u>, 775 F.2d, 775 F.2d 1015, 1017 (9th Cir.1985). Federal law

16    anan individual the opportunity to obtain **counsel** of his own choice in ÿÿny of his own choice in ÿÿy

17    beforebefore an immigration judge.ÿÿ§§ U.S.C. § 1362.  The Ninth. The Ninth Circuit has found that th

18    rightright stemsright stems from theright stems from the Fifth Amendment's guarantee of due process

19    *SeeSee* <u>Ray v. Gonzales</u>, 439 F.3d 582, 587 439 F.3d 582, 587 (9th Cir.2006). Thus, if an individual ch

20    **counsel**,, his or her due process right ÿÿncludes a right to *competent representation.*ÿÿ<u>Id.</u> (italics

21    inin original). If **counsel's assistance** is deficient, and is deficient, and prejudice can be shown, we have

22    anan **ineffectiveassistance** of **counsel** claim in **removal** proceedings.  <u>HernanHernandez v. Hernan</u>

23    supra at 6.

24    **2.    Mr. Lara Can Demonstrate Prejudice**

25    ToTo prevail on this motion Mr. Lara must demonstrate notTo prevail on this motion Mr. Lara

26    were violated, but also that he suffered prejudice as a result.

27    ToTo prove prejudice, [Mr. Lara] need not show that heTo prove prejudice, [Mr. Lara] need n

28    relief;relief; rather, relief; rather, he relief; rather, he must show only that he had a  plausible

5

1  deportation.deportation.  United States v. Arrieta, 224 F.3d 224 F.3d 1076, 1079 (9th Cir.2000). 224 F

2  hehe is entitled to the dismissal of hishe is entitled to the dismissal of his indictment if, upon a review o

3  IJIJ couldIJ could have concluded thatIJ could have concluded that his potential claim for relief from dep

4  Palares-Galan, 359 F.3d at 1103-1104.

5  Mr.Mr. Lara wasMr. Lara was eligible for adjustment of status and such relief is statutorily allo

6  person sperson s deportation hearing. In the instant case Mr. Lara wasperson s deportation hearing. In

7  citizen hecitizen he was statutorily eligible forcitizen he was statutorily eligible for adjustment of st

8  he was denied Due Process by both the immigration court and by the ineffectivehe was denied Due

9  counsel of his immigration attorney equally.

10  TheThe government may argue that in any event Mr. Lara hadThe government may argue that

11  anan aggran aggravated felony a violation of California Penal Code section 288(a) defined as sex

12  abuseabuse of a minor.  However, an  aggravated felony  is notabuse of a minor.  However, an

13  sectionsection 212(a)section 212(a) of the Asection 212(a) of the Act which would have preclu

14  adjustment of status. adjustment of status.  Moreover, wouldadjustment of status.  Moreover, would

15  factfact that hefact that he was previously convicted of a crime offact that he was previously convicte

16  sectionsection 288(a).  However, a waiver in conjunsection 288(a).  However, a waiver in conju

17  crimescrimes of moral crimes of moral turpitucrimes of moral turpitude.  Under  Title 8 U.S.C.

18  discretiondiscretion discretion to gradiscretion to grant relief from deportation in the event that

19  deportationdeportation would cause  extreme hardship to a spouse,deportation would cause  extreme h

20  inin this country.   Not only is Mr. Lain this country.   Not only is Mr. Lara main this country.

21  citizen children between the ages of 12 and 19.

22  FFurFurthermore,Furthermore, although 212(h) provides that an alien who has been conv

23  aggravatedaggravated felony is barred from applyingaggravated felony is barred from applying foraggr

24  that the statutory bar does not apply to aliensthat the statutory bar does not apply to aliens who adjus

25

26  [1] Noncitizens are *not* eligible for the waiver if they have ÿÿpreviously been *admitted* to the
27  United States as an alien lawfully admitted for permanent residence [*i.e.,* an LPR] if ... since
28  the date of such admission the alien has been convicted of an aggravated felonyÿÿÿ8 U.S.C. §
    1182(h) (emphasis added).

1   v.v. Mukasey 519 F.3d 532 (5th Cir. 2008).  The Court reasoned that § Cir. 2008).  The Court reaso

2   demonstratesdemonstrates unambiguously Congress' intent *not* to to bar persons who to bar persons wh

3   entryentry from *seeking* a   a  waive a waiver of inadmissibility.   Therefore, under § 212(h), Mar

4   eligible to seek a discretionary waiver of inadmissibility.

5       InIn the instant case, Mr. LaraIn the instant case, Mr. Lara would qualify for theIn the instant c

6   waswas adwas adjusted to LPR status due to his long term residence in 1988. See exhibit E, creatio

7   residenresidenceresidence recresidence record.  Secondly, he could have applied for adjustment of

8   citizencitizen wife and applied for a waiver under 212(citizen wife and applied for a waiv

9   accomplished,accomplished, both of which would have been after he suffered hisaccomplished, both o

10   felony.felony.  Because he was denied due process at his immigration hearing and becfelony.  Beca

11   appliedapplied for a waiver under 212(h) of the Act, Mr. Lara wasapplied for a waiver under 212(h) of t

12   be dismissed as it is based on an invalid deportation.

13                                         **III.**

14       **DEFENDANT'SDEFENDANT'S STATEMENTS SHOULD BE SUPPRESSED BECAU**
        **THEYTHEY WERE TATHEY WERE TAKEN IN THEY WERE TAKEN IN VIO**

15       **AMENDMENT RIGHTS**

16       CustodialCustodial interrogatCustodial interrogatioCustodial interrogation conducted to sec

17   must be preceded by procedural safeguards.  Miranda v. Arizona,, 348 U.S. 437 (1966)., 348 U.S. 43

18   aa person is in custody, Miranda warnings must be given before a warnings must be givenbefor

19   inteinterrogationinterrogation continues without the presence of an attorney and a statement is taken

20   burden rests on the government to demonstrate that the defendant knowinglyburden rests on the gov

21   waivedwaived his privilege against self-waived his privilege against self-incrimination waived

22   Arizona,, 384, 384 U.S. at 475.  No evidence or statement obtained through a custodial interrogation

23   may be used atmay be used at trial unlessmay be used at trial unless and until the government demon

24   Miranda warnings prior to the statement and validly waived her or his rights.Miranda warnings prior

25   479.

26       InIn both Moran v. Burbine, 475 U.S. 412, , 475 U.S. 412, 106 S.Ct., 475 U.S. 412, 106 S.

27   ColoradoColorado v. Spring, 479 U.S. 564, (1987), the Supreme Court emphasized the, 479 U.S. 564, (

28   requiredrequired torequired to show a free and voluntary waiver of Miranda.  Id., 479 U.S. at 573,, 47

                                            7

1  v.v. Burbine, 475 U.S. at 421.  This Court must "indulge every, 475 U.S. at 421.  This Court must "i

2  waiver" of Miranda rights.  United States v. Heldt, 745 F.2d 1275, 1277, 745 F.2d 1275, 1277 (9th C

3  validityvalidity of the waiver "depends . . . 'upon the particular facts validity of the waiver "depen

4  [the][the] case, includin[the] case, including the b[the] case, including the background, experienc

5  Arizona,, 451 U.S. 477, 482, reh'g, 451 U.S. 477, 482, reh'g denied, 452 U.S. 973 (1981) (quoting Joh

6  U.S. 458, 464 (1938)).

7      In addition to proving Miranda warnings and a valid waiver, warnings and a valid waiver, the

8  establish,establish, by a preponderance of evidence, that any statement was given voluntarily.  Lego

9  Twomey, 404 U.S. 477, 484, 404 U.S. 477, 484 (1972).  This is a separate requirement: , 404 U.S. 47

10  violationviolation of Miranda violates a defendant's Fifth Amendment right again violates a defendant'sF

11  hishis Sixth Amendment right to counsel; ahis Sixth Amendment right to counsel; a coerced confessi

12  due process of law.  See Jackson v. Denno, 378 U.S. 368, 376 (1964).

13      AA volA voluntary statement is one which is the product of a "rational intellect" andA volu

14  will."will."  Blackburn v. Alabama, 361 U.S. 199, 208 (1960).  No one facto, 361 U.S. 199, 20

15  Rather,Rather, this Court must look toRather, this Court must look to theRather, this Court look t

16  v.v. Bustamonte, 412 U.S., 412 U.S. 218, 226 (1973).  Among the many factors which, 412 U.S. 218,

17  isis the age of the accused, his education and intelligence,is the age of the accused, his education and int

18  ofof detention, repeated and prolonged nature of the questioning and use ofof detention, repeated and p

19  412412 U.S. at412 U.S. at 226.412 U.S. at 226.  A statement may not be admitted if because o

20  intoxication, the statement was not the product of a rational intellectintoxication, the statement was n

21  v. Unsworth, 396 F.2d 373, 380-81 (9th Cir. 1968).

22      WhenWhen law enforcement officers use psychological pressure to break down the will of an

23  accused, all statements elicitedaccused, all statements elicited thereby are deemed involuntary.  See S

24  U.S.U.S. 315 (U.S. 315 (1959).  A confession is involuntary whether it occurs by physical intimic

25  psychologicalpsychological pressure.  Townsend v.Townsend v. Sain, 307, 307 U.S. 293 (1963).  Subtl

26  eithereither by promises of leniency or indeither by promises of leniency or indireeither by prom

27  United States v. Tingle, 658 F.2d 1332, 1335 (9th Cir. 1981).

28      InIn theIn the instant case, agents told Mr. Lara thatIn the instant case, agents told Mr. Lara that

8

reducedreduced if he cooperated and agreed to answer their questions.  This type of psychreduce

pressure made his statements to agents involuntary and in violation of the Fifth Amendment.

An evidentiary hearing in this An evidentiary hearing in this matter An evidentiary hearing

14141414 (9th Cir. 1989) (holding that1414 (9th Cir. 1989) (holding that a district court has complete l

hearinghearing whenever a Fourth Amendmenthearing whenever a Fourth Amendment violation is all

evidentiary hearing <u>must</u> be held if a Fifth Amendment violation is alleged).

InIn addition, Title 18 U.S.C. §3501 requires a hearing on voluntaIn addition, Title 18 U

admission of any defendants' statement.

## IV.

**THETHE 72-HOUR DELAY THATHE 72-HOUR DELAY THAT MR. THE 72-HOUR DE
BEFOREBEFORE BEFORE A MBEFORE A MAGISTRATE FOR AN INDEPENDE
PROBABLEPROBABLE CAUSE VIOLATES THEPROBABLE CAUSE VIOLATES THE
AMENDMENTAMENDMENT AND RULEAMENDMENT AND RULE 5(a) AND THE INDIC
OROR IN THE ALTERNATIVE ALL FRUITS OF THE ILLEGAL CONDUCT SHOULD
BE SUPPRESSED**

As set out above, Mr. Lara was arrested on January 23, 2008, at about 4:00 p.m. by

CHP officers.  His arrest was not presented to a magistrate judge for a probable cause

determination and arrest warrant until January 25, 2008 and he was not brought before the

magistrate until January 28, 2008.   There was no reason for this delay all of his statements

should be suppressed.

In <u>Gerstein v. Pugh</u>, 420 U.S. 103, 124-25 (1975), the Supreme Court held that the

Fourth Amendment requires a prompt judicial determination of probable cause as a

prerequisite to extended <u>detention</u> following a warrantless arrest.  Subsequently, in <u>County of</u>

<u>Riverside v. McLaughlin</u>, 500 U.S. 44, 56 (1991), the Supreme Court held that  judicial

determinations of probable cause within 48 hours of arrest will, as a general matter, comply

with the promptness requirement of <u>Gerstein</u>.   The Court, however, emphasized that delays

less than 48 hours may be held unreasonable:

> [t]his is not to say that the probable cause determination in a particular case
> passes constitutional muster simply because it is provided within 48 hours.
> Such a hearing may nonetheless violate <u>Gerstein</u> if the arrested individual can
> prove that his or her probable cause determination was delayed unreasonably.
> Examples of unreasonable delay are <u>delays for the purpose of gathering</u>
> <u>additional evidence to justify the arrest</u>, a delay motivated by ill will against the

1    arrested individual, or delay for delay s sake.

2    Id. (emphasis added).  The 48-hour rule is thus not dispositive of whether a delay is

3    reasonable.  Rather, its significance is that it shifts the burden to the government  to

4    demonstrate the existence of a bona fide emergency or other extraordinary circumstance.

5    Id. at 57.  Here, Mr. Lara s case was not presented to a magistrate judge within 48 hours.

6    There is no justifiable reason for this delay.  Thus, any statements should be suppressed.  See

7    Anderson v. Calderon, 232 F.3d 1053, 1070-71 (9th Cir. 2000) (holding that suppression is

8    an appropriate remedy for violation of Gerstein rule).

9    **Alternative Remedy**

10    As set out above, Mr. Lara was arrested at

11    was not taken before a magistrate judge until

12    arrest.  There was no reason for this delay.

13    Pursuant to Federal Rule of Criminal Procedure 5(a),  a

14    the United States must take the defendant without unnecessary delay

15    . . . ." (2004).  Courts look to 18 U.S.C.. . . ." (2004).

16    statements obtained in violation of Rule 5(a) are ad

17    F.3d 285, 288 (9th Cir. 1996)..  Under §3501(c), if the statements were made within six hours

18    of arrest, they will not be excluded solely because

19    §3501(c) creates a six-hour  safe harbor

20    statements from an attack based on pr

21    January 25th are far outside the safe harbor.

22    Of course, post-arrest statements made outside

23    automatically inadmissible.  In order to determine wh

24    Ninth Circuit has articulated two different tests.  See

25    intra-circuit conflict);   United States v. Alvarez-Sanchez, 975 F.2d 1396

26    1992) (same), rev d on other grounds, 511 U.S. 350 (1994).  These recognize:

27    [i]n one line of cases, [the Ninth Circuit]
      the delay; if it is reasonable, the statement is
28    Ninth Circuit has] looked to public policy con

officers from unnecessarily delaying arraignment officers from unnecessarily delaying ar involuntary confessions, and encouraging early processing of defendants; if public policy favors admission, the statement is admissible.

Van Poyck, 77 F.3d at 289 (citations omitted).

Under either test, the government violated Under either test, the government violated Fed.

there was no reason Mr. Lara could not have there was no reason Mr. Lara could not have bee

shortly after his arrest, considering the proximity of the federal courthouse to where he

detained.

Accordingly, Mr. Lara Accordingly, Mr. Lara requests that Accordingly, Mr. Lara r

v. Osunde, 638 F. Supp. 171, 175-76 (N.D. Cal., 638 F. Supp. 171, 175-76 (N.D. Cal. 1986), 638 F. Su

5(a)). Alternatively, he requests that the Court suppress statements.

**V.**
**THE COURT SHOULD PRECLUDE THE GOVERNMENT FROM INTRODUCING EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 404(B) AND 609**

**A.      Exclusion of Other Acts Evidence Under Rule 404(b), 403.**

Federal Rule of Evidence 404(b) requires that Federal Rule of Evidence 404(b) requires th

in advance of trial  in advance of trial  of any evidence in advance of trial  of any evidence of  other c

R. Evid. 404(b).  Notice is R. Evid. 404(b).  Notice is a condition precedent to admission of other ac

Evid 404(b), Evid 404(b), 1991 Advisory Committee Notes. Evid 404(b), 1991 Advisory Commit

so that Mr. Lara may so that Mr. Lara may adequately p so that Mr. Lara may adequately prepare

provide adequate notice of provide adequate notice of other crimes, provide adequate notice of

it plans to introduce it plans to introduce at trial, this Court should exclude any evidence the Governm

to introduce under Rule 404(b).

Moreover, Moreover, because the Government carries the burden of showing how Moreover

evidence evidence is relevant to one or more issues in the case, "it must articulate precisely **the evidenti**

11

**hypothesis** by which a f by which a fac by which a fact of consequence may be inferred from th

UnitedUnited States v, Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (citing UUnUnited State

Hernandez-Miranda,, 601 F, 601 F.2d 11, 601 F.2d 1104, 1108 (9th Cir. 1979)) (emphasis added);

StatesStates v. Brooke, 4 F.3d 14, 4 F.3d 1480, 1483 (9th, 4 F.3d 1480, 1483 (9th Cir. 1993). Bec

articulatearticulate the precise evidentialarticulate the precise evidential hypothesis by which a fact of c

such 404(b) evidence, it must be excluded under Fed. R. Evid. 401, 404(b), 403.

**B.    Exclusion of Prior Convictions to Impeach Witness Under Rule 609.**

Furthermore,Furthermore, Fed.Furthermore, Fed. R.Furthermore, Fed. R. Evid. 609 limits the

TheThe discovery material makes reference to prior convictions of Mr.The discovery material ma

shouldshould be precluded from introducing anyshould be precluded from introducing any evidences

underunder Fed.under Fed. R. Evid.under Fed. R. Evid. 401 and 609 and prejudicial under Fed. R. Ev

Mr.Mr. Lara s prior conviction in immigration serMr. Lara s prior conviction in immigration ser

specificspecific prior conviction, violation of penal codespecific prior conviction, violation of penal c

as an  aggravatedas an  aggravated felony  should beas an  aggravated felony  should be precluded

werewere to testifywere to testify awere to testify at trial, the danger of unfair prejudice would substan

relevancerelevance of anyrelevance of any of these prior convictions, and so,relevance of any of these

403, 609.

ToTo the extentTo the extent that this Court rules that Mr. Lara s priorTo the extent that this Co

Fed.Fed. R. Evid. 609, this CourFed. R. Evid. 609, this Court should rFed. R. Evid. 609, this Cou

referring to the crime forreferring to the crime for which Mr. Lara was convicted, as it wouldreferrin

probativeprobative of his guiltprobative of his guilt of the charged offense. The Government has not i

intentionintention of attempting to introduce 404(b) evidence. Rule 404(b)intention of attempting to in

provideprovide  reasonable notice in advance of trial  of any evidence of  other crimes,provide  re

acts acts  it plansacts  it plans to introacts  it plans to introduce. FED. R. EVID. 404(b).  The noti

timelytimely requestedtimely requested by the defendant.timely requested by the defendant.  United St

Here,Here, Mr. Lara made timelyHere, Mr. Lara made timely requested notice of proposed 404(b) evide

Lara'sLara's request forLara's request for notice of Rule 404(b) and the Government's indication that

to introduce any, any such evidence should be excluded.

**VI.**
**THIS COURT SHOULD LIMIT THE TESTIMONY OF THE**
**DEPT. OF HOMELAND SECURITY(DHS) CUSTODIAN OF RECORDS**

ItIt is assumed that the Government will intend toIt is assumed that the Government will intend

thethe DHS who would testify about, "the purpose of the A-file, what documents are cothe DHS w

withinwithin the A-File and what those documents mean."  Mr.within the A-File and what those docume

thethe jury about the significance of the documents that are contained in the A-File.  The jurors are

thethe fact finders in this case--it is up tothe fact finders in this case--it is up to them to decidethe fact

weightweight it should beweight it should be given.  Aweight it should be given.  A jury is surely goi

ofof aof a Border Patrol agent.  However, that agent's testimony about what A-File documents "mean"

isis completely irrelevant to the factual issues that will be beforeis completely irrelevant to the factual is

CourtCourt held in Crawford v. Washington, 124 S.Ct., 124 S.Ct. 1354 (20, 124 S.Ct. 1354 (20

Amendment,Amendment,  pre-trial testimonial statements may not beAmendment,  pre-trial testimon

wherewhere the defendant has nowhere the defendant has not had thewhere the defendant has no

meaningmeaning of documents written and prepared by others-- the affimeaning of documents wr

statemenstatementsstatements cstatements contained in the A-file--will be the subject of the cu

testimony violates Mr. Lara s confrontation clause rights and should be prohibited.

1

Furthermore,Furthermore, any testimonyFurthermore, any testimony elicited by theFurthermo

2

werewere performed by governmentwere performed by government agents violate Mr. Lara s confron

3

regardingregarding such searchesregarding such searches has been produced and Mr. Lara thus has no

4

5

examineexamine government witnesses regarding such computer searches.   Testimony regarding suc

6

resultsresults would also be irrelevant and overly prejudicialresults would also be irrelevant and overly

7

be devoid of the requisite indicia of reliability to be admissible at trial.

8

**VII.**

9

**THIS COURT SHOULD PRECLUDE THE INTRODUCTION OF THE A-FILE**
**DOCUMENTS TO PROVE ALIENAGE**

10

11

Notwithstanding the Ninth Circuit's holding in <u>United States v. Lara-Herrera</u>,, 273 F.3d

12

1213,1213, 1217 (9th Cir. 2001), Mr. Lara objects the use1213, 1217 (9th Cir. 2001), Mr. Lara objects

13

14

alienage.alienage.  Such evidence is hearsay in this context and violates Mr. Lara's right of confrontatio

15

Additionally,Additionally, as outlinedAdditionally, as outlined above, <u>Crawford v. Washington</u> specifi

16

pre-trialpre-trial statements may not bepre-trial statements may not be used against a defendant at trial

17

18

aa chance to cross examinea chance to cross examine the declarant.   Thus, no such A-file documents s

19

against Mr. Lara to prove alienage.

20

**A.    The Warrant of Deportation and the Order of Deportation Are Only Admissible**
**to Establish the Fact of the Deportation.**

21

22

Mr.Mr. Lara expectsMr. Lara expects that the Government will seek to introduce a warrant of de

23

anan order of deportation to establish the fact of his deportan order of deportation to establish

24

25

admissibleadmissible **only** to establish the fact of the to establish the fact of the deportation. <u>See</u>, <u>e.g.</u>,

26

F.3dF.3d 852, 857 (9th Cir. 1995); <u>United States v. Hernandez-Rojas</u>, 617 F.2d, 617 F.2d 533, 535-36 (

27

1980).1980).  Neither the warrant of 1980).  Neither the warrant of deportati1980).  Neither the w

28

14

ministerial fact of alienage, and so, neither are admissible under ministerial fact of alie

establish the fact of alienage.

Both the warrant of deportation and the order

of the *deportation*, not Mr. Lara's alienage. As the Ninth Circuit has explained:

> *Clearly it would be improper for the government to rely on factual findings*
> *from a deportation hearing to prove an element of the crime of illegal reentry,*
> *as the burden of proof in a criminal proceeding requires a*
> *the government than in an administrative hearing*
> order to prove the element of alienage would allow
> the more stringent requirements of a criminal proceeding
> finding from the INS proceeding. To put it
> demonstrate that Medina is an alien by showing
> alien.

United States v. Medina, 236 F.3d 1028, 1030, 1031 (9th Cir. 2001) (emphasis added). Indeed,

alienage is not a fact that is observed; it is a fact

an administrative hearing. Because the order of deportation

finding rendered after an administrative hearing, it

or Fed. R. Evid. 401 to establish the fact of alien

deportation reflects only that an immigration judge found Mr.

administrative hearing and that Mr. Lara may have been removed

that deportation, it has no bearing on th

R. Evid. 803(8) and Fed. R. Evid. 401 to establish the

---

[2] In United States v. Hernandez-Herrera, 273 F.3d 1213, 1217-1218 (9th Cir. 2001), t
stated summarily that A-file documents are admissible under Fed. R. Evid. 803(8)(B)
of alienage. Because the court failed to set forth any reasoned discussion, because it failed
decision in Medina, and because it did not specify which doc
Hernandez-Herrera s case, see id., it is thus not binding authority, and this Court must still address this
issue. See, e.g., Miranda B. v. Kitzhaber, 328 F.3d 1181, 1186 (9th
"reasoned consideration in a published opinion" for a "ruling [to] be

this Court finds that these documents are relevant under Fed. R. Evid. 401, these documents should be excluded under Fed. R. Evid. 403.

Thus, because the warrant of deportation and the order of deportation are to establish the fact of alienage, these documents are Mr. Lara accordingly requests this Court instruct the jury, pursuant to Fed. it may only consider these documents to establish the fact of purpose.  Mr. Lara further requests that this Court redact these documents all reference to his alleged alienage and/or prior conviction or  aggravated felony.

**B.    None of the Other A-file Documents are Admissible under Any Rule of Evidence.**

Mr. Lara anticipates that the Government may A-file, including the notice to appear alleging removability penalties for reentry.  None of these documents from the A-file are admissible to other matter at issue in this trial.

All documents from the A-file -- except the deportation, as discussed, _supra_ -- are irrelevant -- are irrelevant under Fed. R. Evid. 401; probative, cumulative, and a waste of time under Fed. R. Evid. 403; and inadmissible under Fed. R. Evid. 803(8).

**1.    The Notice to Appear Is Inadmissible.**

---

United States v. Collicott, 92 F.2d 973, 980 n.4 (9th Cir. 1996), 92 F.2d 973, 980 n.4 (9th not binding  in the absence of reasoned analysis and analogous facts ). In never held that these documents were admissible under Fed. R. Evid. 401 or 403 Amendments. See Webster v. Fall, 266 U.S. 507, 512 (1925) (stating that  [q]uestions which mere in the record, neither brought to the attention of the having been so decided as to constitute precedent ).

TheThe notice to appear is inadmissible under Fed. R. Evid. 401,The notice to appear is i

noticenotice to appear is a dnotice to appear is a document thatnotice to appear is a document tha

recordrecord the  objective, ministerial fact  of alienage any record the  objective, ministerial fac

objectiveobjective observation that a person committed a crime. objective observation that a person co

*accusation* that the government must prove in an immigration proceeding.  that the government m

should preclude the admission of the order to show cause.

**2.    The Warnings of Possible Penalties Is Inadmissible.**

Likewise,Likewise, the warnings of possible penalties is inadmissibleLikewise, the warnings of p

andand 803(8). The warning contains boilerplate statements (drafted by the DHS) regarding the

penalpenal consequencespenal consequences to an alien who illegally reenters the country. It has no b

a defendant is in fact an alien, anda defendant is in fact an alien, and ita defendant is in fact an alien

ThisThis document contains inThis document contains inadmiThis document contains inadmi

probative. It also must be excluded at trial.

**3.    If this Court Finds These Documents Are Somehow Relevant, They Are Not AdmissibleAdmissible to Establish Alienage, and The Court Should PAdmis Jury With a Limiting Instruction.**

ToTo the extent that this Court finds any A-file documentTo the extent that this Court finds an

not admissible to establish Mr.not admissible to establish Mr. Lara s alienage, and thisnot admissib

toto exclude all referencesto exclude all references to alienage and, pursuant to Fed. R. Evid. 105, in

the limited value of such documents.

**C.    This Court Must Preclude the Admission of the A-file Documents to Establish Alienage to Protect Mr. Lara s Constitutional Rights.**

ThisThis Court must preclude the admission of theThis Court must preclude the admission of

alienage to protect Mr. Lara s rights to confrontation of w

proof beyond a reasonable doubt, as guara

Specifically, because the right to confrontation

government may have met its burden of proving a

hearsay. <u>Cunanan v. INS</u>, 856 F.2d 1373, 1374 (9th Cir. 1988). Because, 856 F.2d

never has the opportunity to confront those witnes

immigration judge may have relied, the admission of the INS  evaluati

a defendant of his right to confront the witnesses against him.

In addition, in immigration proceedings, the government

clear and convincing evidence. <u>Murphy v. INS</u>, 54 F.3d 605, 608-6

government has established a person s foreign birth, the burden shifts to the purported ali

establish, by a preponderance of the evidence, that he falls within one

for derivative citizenship. <u>Id.</u> Given the lower burden of proof and the

admission of these documents against a criminal defendant to

the effect of lowering the government s burden of proving alienage in the criminal trial.

Finally, a determination of alienage by a quasi-judicial decision-maker r

powerful evidence of an element of the offense, and it creates

give this evidence undue weigh or conclusive effect. <u>Cf.</u> <u>Nipper v. Snipes</u>, 7 F.3d 415, 418 (4th

Cir. 1993) (internal quotations omitted) (stating "judicial findings of fact 'prese

where, by virtue of there having been made by

by the jury, thus creating a serious danger of unfair prejudice'"); Fed. R. Evid. 803(22), Advisory

Committee Note (observing that "it seems safe to assu

criminalcriminal judgment] substantial effect unless defendant offers acriminal judgment] substantial

Government s  introduction of a government agency s finding of alienage to establish the fact

ofof alienage carries with it the imprimatur of governmental, if not of alienage carries with it t

admissionadmission of this factualadmission of this factual finding  accordingly undermines a defen

a reliable jury finding of an essential element.

Hence,Hence, because the A-file documents are generated by the Government without th

constitutionalconstitutional safeguards surrounding criminal proceedings,constitutional safeguards su

authorizeauthorize their admission, as evidence of alienage,authorize their admission, as evidence of a

excludeexclude these documents in their entiretyexclude these documents in their entirety, oexclu

otherother fact, redact these documents toother fact, redact these documents to exclude reference to N

jury as to their limited relevance.

## VIII.
## MR LARA REQUESTS THAT THE COURT ALLOW ATTORNEY-CONDUCTED VOIR-DIRE

PursuantPursuant to Rule Pursuant to Rule 24Pursuant to Rule 24(a), Federal Rules of

assistanceassistance of counsel and to exercise Mr. Lara's right to trial by an impaassistance of c

counsel requests the opportunity to personally <u>voir dire</u> the prospective members of the jury.

## IX.
## THIS COURT SHOULD PRECLUDE THE ADMISSION OF AN AUDIO-TAPE OR TRANSCRIPT OF THE DEPORTATION HEARING.

Only relevant evidence is admissible at trial. Only relevant evidence is admissible at trial.  Fe

401401 (relevant evidence is that which makes a 401 (relevant evidence is that which makes

GovernmentGovernment must prove onlyGovernment must prove only the fact of the deportation -- r

StatesStates v. MendoStates v. MendozStates v. Mendoza-Lopez, 481 U.S. 828, 837-839 (198

proceedings at the deportation are notproceedings at the deportation are not relevant to any fact at iss

transcript) of the deportation hearing should be excluded at trial.

Moreover, Moreover, the introductionMoreover, the introduction of such evidence would merel

likely confuse the jury, and tolikely confuse the jury, and to the extent that it is marginally relevantlik

prejudicialprejudicial than probative.prejudicial than probative.  Fed. R. Evid. 403.  Thus, this Court

of the tape and or transcript of the deportation hearing at trial.

## X.

## THIS COURT SHOULD EXCLUDE INADMISSIBLE
## HEARSAY OF WITNESSES

CrawfordCrawford v. WashingCrawford v. Washington,, 541 U.S. 36 (2004), squarely ho

Amendment, Amendment, that pre-trial, testimonial statements may not be admitted against a defend

trial wheretrial where the defendant has not had atrial where the defendant has not had a chance to cr

isis true even where the statements fall withis true even where the statements fall within a is

particularized particularized guarantees of trustworthiness.    Id. at 40.  As such, thi at 40.  As

SupremeSupreme Court sSupreme Court s own precedent in Ohio v. Roberts, 448 U.S. 56 (1980).  Si

overturns the Ninth Circuit s precedent, United States v. Winn, 767, 767 F.2d 527 (9th Cir. 1985),

upon which the Government relies.[3]

---

[3]Winn relied on the holding of Roberts when it upheld the admission of hearsay
statements of deported material witnesses that related to their alienage and method of entry.
Winn, 767 F.2d at 530.  In Winn, the Ninth Circuit held that such statements were reliable
(based on the circumstances surrounding the declarants  arrest) and thus, admissible pursuant
to Roberts.  Winn at 530.  Because Crawford overturns Roberts, and because it clearly holds
that the only means of determining constitutional reliability is confrontation, i.e., cross-
examination, the holding of Winn is no longer good law.  See also Whorton v. Bockting, 127
S. Ct. 1123, 1181 (2007) (Crawford overruled Roberts).

In <u>Crawford</u>, the petitioner was, the petitioner was tried for assault and attempted murder.  Craw

TheThe State sought to introduce a recorded statement that petitioner'sThe State sought to introduce a r

police interrogation,police interrogation, as evidence that the stabbing was not in self-defense.  polic

testifytestify attestify at trial because of Washington's marital privilege.  <u>Id.</u>  Petitioner argued Petitioner

evidenceevidence would violate his Sixth Amendment right toevidence would violate his Sixth Amend

him."him."  Under <u>Roberts</u>, that right did not bar admission of an unavai, that right did not bar ad

againstagainst a criminal defendant if the statementagainst a criminal defendant if the statement bore "a

metmet when thmet when the evimet when the evidence either fell within a "firmly rooted

"particularized"particularized guarantees of trustworthi"particularized guarantees of trustworthine

statementstatement on the latter ground.  The Ststatement on the latter ground.  The State statemer

statementstatement reliable because it was nearly identical to, *i.e.,* interlocked with, petitiinterlock

statementstatement to the police, in that both were ambiguous as to whethstatement to the police

weaponweapon before petitioner asweapon before petitioner assaultedweapon before petitioner

overturnedoverturned the conviction holding that the State'overturned the conviction holding t

Confrontation Clause of theConfrontation Clause of the Sixth AmendmentConfrontation Clause of t

naturenature and where such testimonial statements are at issue, the onlynature and where such

sufficientsufficient to satisfy constitutional demandssufficient to satisfy constitutional demands

defendant.  <u>Id.</u> at 69.

The Supreme Court reasoned,The Supreme Court reasoned, afterThe Supreme Court reasoned

ConfrontationConfrontation Clause, that the Sixth Amendment was drafted in order to protect agai

civil-law  civil-law mode  civil-law mode of criminal procedure  and  its use of *ex parte* examinations

hehe accused.  <u>Id.</u> at 50.  Such at 50.  Such *ex parte* examinations run examinations run into Sixth Amer

21

they are testimonial in nature. The text at 51. It applies to witnesses against the accused - in other words, those who bear testimony. Id. (internal quotations omitted). Thus, statements. Id. at 2953. Various formulations of this exist:

> ex parte in-court testimony or its functional equivalent--that is, material such as affidavits, custodial examinations, that the defendant was unable to cross-examine, or similar **pretrial statements that declarants would** **prosecutorially** . . . extra . . . extrajudicial statements . . . formalized testimonial materials, such as **affidavits**, deposition prior testimony, or **confessions** . . . . statements . . . statements that were made under circumstances which would lead a believe that the statement would be available for use at a later trial .. . . **Statements taken by police officers in the interrogations are also testimonial under einterrogations are standard**.

Id. at 52 (internal citations and quotations omitted).

The Court went on that:

> [w]here testimonial statements are involved, we do not think the Framers meant to leave the Sixth Amendment vagaries of the rules of evidence, much less of reliability . . . The Roberts test allows a jury to test untested by the adversary process, based on a mere judicial determination of reliability. It thus replaces the constitutio prescribed method of assessing reliability wit one. In this one. In this respect, it is very different from except Confrontation Clause that make no of assessing reliability.

Id. at 61-2.

Thus, the Confrontation Clause does not permit testimonial trial without the constitutionally prescribed trial

confrontation.  Id. at at 62.  In other words, [w]here testimonial evidence is at issue . . . at 62.  In othe

AmendmentAmendment demands . . .Amendment demands . . . unavailabilAmendment demands .

examination.  Id. at 54.  at 54.  In this case, Mr. Lara was not given an opportunity to cross at 54.  In

thethe material witnesses before being deported.  As such,the material witnesses before being deported

trial,trial, any statements taken from him is inadmissible under the plain reatrial, any statem

Amendment and the clear holding of Crawford.

**XI.**

**AGENTS SHOULD NOT BE ALLOWED TO TESTIFY ABOUT THE TRUTHFULNESS OF MR. LARA s STATEMENTS AT THE TIME OF THE ARREST**

Credibility is a matter to be decided by the jury.  Any testimony by Agents that any post-arrest statement by Mr. Lara was untruthful is irrelevant and inadmissible under Ninth Circuit precedent.

The Ninth Circuit has held that it is reversible error to permit a Border Patrol Officer to testify over objection that another agent was telling the truth.  See United States v. Sanchez-Lima, 161 F.3d 545 (9th Cir. 1998).  In Sanchez-Lima, a Border Patrol Officer testified that  based on his training and experience, Agent Kermes [an agent who testified before the jury] was telling the truth  during his post incident interview.  Id. at 548.  The Ninth Circuit noted that  [t]his court has already held that opinion evidence regarding a witness  credibility is inadmissible.   Id. (citing United States v. Awkard, 597 F.2d 667, 671 (9th Cir. 1979)).  The Sanchez-Lima Court held that it is error to permit a witness to testify over objection that another witness s extra-judicial statements were truthful.  Id.

The Ninth Circuit reached an analogous result in United States v. Sanchez, 176 F.3d 1214 (9th Cir. 1999).  In Sanchez, the prosecutor s questions on cross-examination of the defendant compelling the defendant to give his opinion regarding the credibility of a deputy marshal was error.  The Sanchez Court noted that it could not  discern any principled distinction between asking a law

23

enforcement officer his opinion regarding whether the defendant was untruthful during a police interview and the improper tactical ploy condemned in <u>Sanchez-Lima</u>. Eliciting the officer s opinion regarding Sanchez s credibility was misconduct.    <u>Id.</u> at 1221.

Allowing Agents to testify about the truthfulness of Mr. Lara s statements would qualify as reversible error as well. Explicit Ninth Circuit precedent, logically indistinguishable from the instant case, bars the use of this kind of evidence against the defendant. Therefore, Mr. Lara requests that Agents not be permitted to testify about his opinions of the truthfulness of any of Mr. Lara s post-arrest statements.

## XII.

## REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

As new information surfaces due toAs new information surfaces due to the government providⁿ thesethese motions, those previously filed, or an order of this Court, defense couthese motions, thoₙ opportunity to file further motions.

## XIII.
## CONCLUSION

For the above stated reasons, it is respectfully requested that the Court grant the above motions.

Respectfully submitted,


Dated: May 19,  2008          /s/ Sylvia Baiz
                              **SYLVIA BAIZ**
                              Attorney for Defendant **Lara**