EXHIBIT 4



CERTIFIED
COPY



**AD HOC
REPORTING**

The Chamber Building
110 West C Street
Suite 807
San Diego, CA
92101

619 236-9325

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
EL CENTRO, CALIFORNIA

UNITED STATES OF AMERICA,       )    File No. A92 687 682
                                )
                Petitioner,     )    El Centro, California
                                )    Tuesday, September 9, 2003
        vs.                     )
                                )
ALBERTO LARA JACOBO,            )
                                )
                Respondent.     )
_____)

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE DENNIS R. JAMES
UNITED STATES IMMIGRATION JUDGE

Transcription Service:        Peggy Schuerger
                              Ad Hoc Reporting
                              110 West C Street, Suite 807
                              San Diego, California  92101
                              (619) 236-9325

```
 1                UNITED STATES DEPARTMENT OF JUSTICE
                EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
 2                 OFFICE OF THE IMMIGRATION JUDGE
                        EL CENTRO, CALIFORNIA
 3

 4

 5  UNITED STATES OF AMERICA,    )  File No. A92 687 682
                                 )
 6          Petitioner,          )  El Centro, California
                                 )  Tuesday, September 9, 2003
 7      vs.                      )
                                 )
 8  ALBERTO LARA JACOBO,         )
                                 )
 9          Respondent.          )
    _____)
10

11

12                 TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE DENNIS R. JAMES
13              UNITED STATES IMMIGRATION JUDGE

14

15  APPEARANCES:

16  For Petitioner:           ANTHONY DiCADIO, ESQ.
                              Department of Homeland Security
17                            1115 North Imperial Avenue
                              El Centro, California 92243
18
    For Respondent:           M. YEHLEN BROOKS, ESQ.
19                            2031 West March Lane, Suite 217W
                              Stockton, California 95219-6560
20
    Transcription Service:    Peggy Schuerger
21                            Ad Hoc Reporting
                              110 West C Street, Suite 807
22                            San Diego, California 92101
                              (619) 236-9325
23

24

25  Proceedings recorded by electronic sound recording;
    transcript produced by transcription service.
```

ii

```
1                           INDEX

2   EXHIBITS                              Marked     Received

3   Petitioner

4   2      Pre-hearing submission           2           2

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1

1    EL CENTRO, CALIFORNIA - TUESDAY, SEPTEMBER 9, 2003

2                          --oOo--

3            IMMIGRATION JUDGE JAMES:  This is Immigration Judge

4    Dennis R. James.  I'm on the record.  Today is September 9th,

5    2003.  The Court's sitting in El Centro, California.

6            Calling the matter of Alberto Lara Jacobo, 92 687

7    682.  He is present in court today, represented by his

8    attorney, M. Yehlen Brooks, who's present.

9            The Government's represented by their attorney, Mr.

10   Anthony DiCadio (ph).

11           Ms. Brooks, you ready to proceed?

12           MS. BROOKS:  Yes, Your Honor.

13           THE COURT:  Mr. DiCadio, is the Government ready to

14   proceed?

15           MR. DiCADIO:  Yes, sir.

16           THE COURT:  Very well.  Previously in this case,

17   the Respondent's admitted to the first three allegations,

18   denied the criminal conviction and the sentence charged

19   against him, and denied the two grounds of deportability.

20           The -- does the Department have evidence to present

21   today in support of the pre-hearing submission?

22           MR. DiCADIO:  Yes, sir.

23           THE COURT:  Ma'am, did you receive a copy of that

24   pre-hearing submission that was submitted by Government

25   counsel?

2

1           MS. BROOKS:  Yes, Your Honor.

2           THE COURT:  I'll mark it as Exhibit Number 2.  Any

3    objections to its admission into evidence today?

4           MS. BROOKS:  No, Your Honor.

5           THE COURT:  Very well.  It's so admitted with

6    today's date.

7           Any further evidence from the Government today?

8           MR. DiCADIO:  No, sir.

9           THE COURT:  Ma'am, any further evidence on

10   Allegations 7 and 8 or these two grounds of deportability?

11          MS. BROOKS:  On the 7th, Your Honor, I received --

12   I received from the criminal defense attorney, Respondent, a

13   call saying that he had filed the motion to vacate and

14   petition of writ last Friday after having investigated the

15   whole case.  And he is set to be heard on that case October

16   8th.  But since it was just last Friday, he had mailed it and

17   I did not receive it because I left on Monday at

18   (indiscernible) in the morning to fly here.

19          THE COURT:  Okay.  Anything else, ma'am?

20          MS. BROOKS:  That is it, Your Honor.

21          THE COURT:  Okay.  Everybody rest on the issue of

22   removability today?

23          MR. DiCADIO:  Government rests.

24          MS. BROOKS:  Yes, Your Honor.  We just would

25   reiterate the fact we consider that charge to be legally

3

1 invalid up to this point until their motion to vacate is
2 decided.

3          THE COURT: Okay. Well, a collateral attack in the
4 criminal court's not a just basis for a continuance in
5 immigration court proceedings.  The Court would, likewise,
6 note that this conviction occurred in June 26, 2002.  This
7 proceeding was commenced and we had a first hearing on April
8 23rd, 2001 (sic).  That's approximately four and a half
9 months ago.  And there was plenty of time to be making other
10 collateral attacks while this case was working its way
11 through the court system and immigration court.  So I will
12 not -- you are not at this point making a motion to continue,
13 but the Court will not continue the case for purposes of a
14 collateral attack.

15          I've had a chance to review Exhibit Number 2 and it
16 appears that the conviction in that case is valid for
17 immigration court purposes at this time and, likewise, was
18 appealed and the judgment and sentence were confirmed in the
19 case.

20          And in California, you have a right to a direct
21 appeal from a criminal conviction and that's been taken and
22 decided.  Any other attacks would be considered collateral.

23          So the Court finds that Allegation 7 has been
24 proven by Exhibit Number 2 by evidence that's clear and
25 convincing.

4

1          And as it relates to Exhibit Number 8, the Court
2    will note that the amended abstract shows a three-year
3    sentence was imposed for one of the convictions and a two-
4    year sentence on the other conviction.   And the Court is
5    satisfied that Allegation Number 8 has likewise been proven
6    by the proper standard.

7          So I will verify that according to Exhibit Number
8    2, the findings the Court's made regarding Allegation Number
9    7, that the Respondent has been convicted of an aggravated
10   felony under subsection (a), and likewise has been convicted
11   of a crime of child abuse, as that is defined in Ninth
12   Circuit.  So he is subject to deportation and removal on both
13   of those grounds.

14         No applications for relief have been filed.  Sir,
15   what country do you wish to designate for removal?

16         MR. LARA:  Where I'm from -- Mexico.

17         THE COURT:  Okay.  Any fear of returning to Mexico,
18   sir?

19         MR. LARA:  No.

20         THE COURT:  Anything further today, Ms. Brooks?

21         MS. BROOKS:  Nothing further, Your Honor.

22         THE COURT:  Okay.  Previously, in advising -- this
23   was   on   an   oral   motion   to   terminate   based   upon   the
24   Government's ability to prove up the conviction and there
25   were no citizenship issues in the case and no applications

5

1  for relief would be filed.    Is that still your position
2  today?
3          MS. BROOKS:  That's correct, Your Honor.
4          THE COURT:  Very well.  Sir, at this time I find
5  that you are subject to removal from the United States as
6  charged.    There's no applications for relief pending, no
7  citizenship issues.
8          The Court issues the following order:
9          You're ordered removed from the United States to
10 Mexico as charged.  Do you wish to reserve?
11         MS. BROOKS:  Yes, Your Honor.
12         THE COURT:  Very well.  To perfect your appeal, it
13 must be filed so that it's received by the Board of
14 Immigration Appeals on or before October 9th, 2003.
15         Did you already receive the appeal forms?
16         MS. BROOKS:  I'm sorry?
17         THE COURT:  Do you need appeal forms?
18         MS. BROOKS:  No, Your Honor.  I have them at the
19 office.
20         THE COURT:  Very well.  And, Mr. DiCadio, what's
21 the Government's position?
22         MR. DiCADIO:  Government waives.
23         THE COURT:  Very well.
24         The issuance of bail is in the discretion of the
25 Immigration Judge, United States Department of Justice,

6

1  Executive Office for Immigration Review, Office of the

2  Immigration Court, El Centro, California, File Number A92 687

3  682, September 9th, 2003.

4          Caption this proceeding <u>In the Matter of Alberto

5  Lara Jacobo</u>, spelled J-a-c-o-b-o, Respondent in removal

6  proceedings.

7          Charge:    Section   237(a)(2)(A)(iii)   of   the

8  Immigration and Nationality Act as amended.  If at any time

9  after admission you have been convicted of an aggravated

10 felony as defined in Section 101, subparagraph (a)(3)(M) of

11 the Act, the law related to the sexual abuse of a minor.

12         Section 237(a)(2)(E)(i) of the Immigration and

13 Nationality Act as amended.  The withdrawal of an alien who

14 at any time after entry has been convicted of a crime of

15 domestic violence, a crime of stalking, or a crime of child

16 abuse, child neglect, or child abandonment.

17         Appearing on behalf of the Respondent, M. Yehlen

18 Brooks, 2031 West March Lane, Suite 217W, Stockton,

19 California 95219-6560.

20         Appearing on behalf of the Department of Homeland

21 Security, Anthony DiCadio, 1115 North Imperial Avenue, El

22 Centro, California 92243.

23         (Indiscernible).

24         The notice to appear was generated and created

25 February 27th, 2003, personally served on the Respondent

*Ad Hoc Reporting*

7

1  March 12th of 2003 and filed with the Immigration Court March
2  17th, 2003.

3      The Respondent appeared before the Immigration
4  Court, he was placed under oath to tell the truth in these
5  proceedings, confirmed that English was the language that he
6  wished to proceed in, and confirmed that his true name is as
7  set forth on the notice to appear.  He affirmed that he
8  wished to proceed with his attorney of record who filed her
9  E-28 to appear as counsel.

10      Counsel for Respondent conceded jurisdiction of the
11  court to proceed and likewise waived the (indiscernible)
12  advisals by the Court of your client regarding the purpose of
13  the proceedings, the rights to which the Respondent's
14  entitled, and further reading of the allegations and the
15  charges.

16      The notice to appear was admitted into evidence as
17  Exhibit Number 1.

18      The Respondent admitted that he's not a citizen or
19  national of the United States, admitted that he's a native
20  and citizen of Mexico, admitted that he's been a lawful
21  permanent resident of the United States since March 12th,
22  1990.

23      The Respondent denied that on June 26, 2000 he was
24  convicted in San Joaquin County, California Superior Court
25  for the defense of lewd acts upon a child in violation of

8

1  Section 288(a) of the Penal Code of California and denied
2  Allegation 8 that for that offense he was sentenced to
3  confinement for a period of three years.

4          The Respondent likewise entered a denial to both
5  grounds of deportability.

6          The Respondent designated Mexico as the country for
7  removal should that become necessary.

8          The Court accepts that designation based upon his
9  admission to Allegation Number 5.

10         Counsel for Respondent indicated that there was an
11 oral motion to terminate based upon the invalidity of the
12 criminal court conviction and the Government's inability to
13 be able to prove it up.

14         Counsel indicated that there were no citizenship
15 issues in this case and that no applications for relief would
16 be forthcoming.

17         The matter was set for a merits hearing.

18         On that date, Respondent's counsel had an
19 appearance in Federal District Court on a criminal case which
20 took priority and the matter was continued to a subsequent
21 date.  On that date, Counsel had a trip scheduled, was out of
22 the country, and the matter was continued until today's date.

23         (Indiscernible).

24         The matter came before the Court on today's date
25 for final hearing.  Both parties announced ready to proceed.

9

1  The Immigration and Naturalization Service, now known as the
2  Department of Homeland Security, offered into evidence their
3  pre-hearing submission marked as Exhibit Number 2.  Counsel
4  for the Respondent stated she'd received it, had no objection
5  to its admission into evidence, and it's so admitted.

6           The Court has reviewed Exhibit Number 2 in its
7  entirety, taken it into consideration when making the
8  decision in this case.

9           (Indiscernible) making further evidence to present
10 on Allegations 7 and 8 or the two grounds of deportability.

11          Counsel for Respondent indicated that she was
12 contacted on the 7th of this month by the defense attorney in
13 the criminal case, who had called her.  She had not yet
14 received anything in writing from him, although it had been
15 mailed, that he had filed a motion to vacate with the
16 criminal court and the matter is set for hearing in October.

17          The Court advised the Respondent that for purposes
18 of today's hearing, with the amount of time that the case has
19 been pending, that no continuances would be granted for
20 collateral attack from the criminal court conviction.  And it
21 does appear from Exhibit Number 2 that it was a valid
22 conviction for immigration court purposes.  Part of Exhibit
23 Number 2 is the direct appeal that was taken from the
24 criminal court, and the State of California court takes
25 administrative notice that there is a direct appeal right in

10

1    this state on the conviction as long as it's taken within the

2    statutory period allowed.

3              Counsel was advised that there would be no

4    continuance for a collateral attack.

5              Both parties rested on the presentation of

6    evidence.  Counsel is still asserting that it's not a valid

7    conviction for immigration court purposes.

8              Based upon the evidence of record, that being the

9    admission of the Respondent and Exhibit Number 2, the Court

10   finds that each of these allegations have been proven by

11   evidence that's clear and convincing.  Allegations 4, 5, and

12   6 were proven by the Respondent's admission, and Allegations

13   7 and 8 are proven by Exhibit Number 2.

14             The Court finds that both grounds of deportability

15   have been proven and the Court finds that the lewd acts upon

16   a child conviction under Section 288(a) of the California

17   Penal Code with this Respondent meets the definition of an

18   aggravated felony under subsection (a) and it likewise meets

19   the definition of a crime of child abuse.

20             The Respondent is hereby found that he's subject to

21   deportation and removal from the United States as charged by

22   the Department.

23             The Respondent designated Mexico as the country for

24   removal and that was accepted by the Court.

25             The Respondent testified that he has no fear of

11

1    being removed to Mexico if that was the order of the Court.

2          No applications for relief were submitted and no

3    citizenship issues were presented in the case.

4          Based upon the review of the record of proceeding

5    as a whole, the Respondent is subject to removal from the

6    United States as he sits before the Court today based upon

7    his admissions and Exhibit Number 2.

8          Respondent is subject to deportation and removal.

9    No applications have been filed and he is hereby ordered

10   removed from the United States to Mexico as charged.

11

12                              _____
                                    DENNIS R. JAMES
13                              United States Immigration Judge
                                     September 9, 2003
14

15          THE COURT:  Anything further today, Ms. Brooks?

16          MS. BROOKS:  No, Your Honor.

17          THE COURT:  Anything further?

18          MR. DiCADIO:  No, sir.

19          THE COURT:  Very well.  The Court will issue a

20   brief summary written order and we'll be off the record at

21   this time.  Thank you.

22   //

23   //

24   //

25   //

**Ad Hoc Reporting**

12

1        (Proceedings adjourned.)

2

3                        CERTIFICATE

4          I certify, under penalty of perjury, that the

5   foregoing is a verbatim transcription prepared from the

6   electronic  sound  recording  provided  to  me  from  the

7   proceedings in the above-entitled matter, and is a true and

8   accurate transcript of said proceedings to the best of my

9   ability and belief.

10

11  _____        MAY 2 1 2008

    Peggy Schuerger, Transcriber            _____

12                                           Date

13

14

15

16

17

18

19

20

21

22

23

24

25