# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 08cr443WQH |
|---|---|
| Plaintiff, | 10cv553WQH |
| vs. | ORDER |
| LARA ALBERTO JACOBO, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion for reduction of sentence pursuant to Title 28 U.S.C. § 2255 filed by Defendant. (Doc. #67 ).

On December 15, 2008, this Court sentenced the Defendant to serve a term of imprisonment of 57 months for a violation of 8 U.S.C. § 1326(a) and (b).

On January 16, 2009, Defendant filed Notice of Appeal from his conviction and sentence in the Court of Appeals for the Ninth Circuit. Defendant's appeal remains pending.

On March 16, 2010, the Defendant filed the motion before the Court for reduction of his sentence reduction pursuant to 28 U.S.C. § 2255. Defendant asserts that his ineligibility for minimum security confinement, drug program, and pre-release custody as a result of his status as a deportable alien constituted significant mitigating factors that should have been considered by the sentencing court, and that his counsel failed to raise the issue of deportability as a mitigating circumstance at his sentencing.

**APPLICABLE LAW**

28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts. When this standard is satisfied, neither a hearing nor a response from the government is required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

**RULING OF THE COURT**

In general, a district court should not entertain a collateral attack on a criminal proceeding during the pendency of a direct appeal. *See Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir.1987). To avoid the risk of duplicitous or conflicting decisions or of deciding issues rendered moot by the direct appeal, the "usual practice is to make a collateral assertion of error subsequent to the date of decision in the direct appeal." *United States v. Taylor*, 648 F.2d 565, 572 (9th Cir.1981). The general rule of forbearance is not jurisdictional. *Id.*; *see also Black v. United States*, 269 F.2d 38, 41 (9th Cir.1959). However, absent most unusual circumstances which "outweigh the considerations of administrative convenience and judicial economy," the court will not entertain a collateral attack while the direct appeal is pending. *See Taylor*, 648 F.2d at 572; *see also United States v. Hill,* 908 F.2d 978 (9th Cir. 1990); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir.1970) (per curiam).

Defendant in this case has not set forth any unusual circumstances. The Court concludes that Defendant's section 2255 motion is premature since the Defendant has challenged his conviction and his sentence in his pending direct appeal.

1    IT IS HEREBY ORDERED that the motion for reduction of sentence pursuant to Title
28 U.S.C. § 2255 filed by Defendant (Doc. # 67) is denied as premature.

DATED: March 23, 2010

                                          **WILLIAM Q. HAYES**
                                          United States District Judge